UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SHAD AND VICTORIA SHAD-GAL Individually, and as Parents and Next Friends of ALINA SHAD and FELIX SHAD,<br>　　　　Plaintiffs,<br><br>v.<br><br>GENESIS GENETICS INSTITUTE, L.L.C. and MARK R. HUGHES, M.D., Ph.D.,<br>　　　　Defendants. | C.A. NO. 15-CV10083 |

## DEFENDANT GENESIS GENETICS INSTITUTE, L.L.C.'S ANSWER AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

### PARTIES

1.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' complaint.

2.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiffs' complaint.

3.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiffs' complaint.

4.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiffs' complaint.

5.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiffs' complaint.

6.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiffs' complaint.

7.    Paragraph 7 of plaintiffs' complaint contains a legal conclusion to which no response is required.  If a response is deemed required, this defendant denies the allegation.

## FACTS

8.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiffs' complaint.

9.    The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiffs' complaint.

10.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiffs' complaint.

11.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiffs' complaint.

12.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiffs' complaint.

13.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiffs' complaint.

14.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiffs' complaint.

15.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiffs' complaint.

16.   The defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiffs' complaint.

17.   The defendant denies the allegations contained in paragraph 17 of plaintiffs' complaint.

18.   The defendant denies the allegations contained in paragraph 18 of plaintiffs' complaint.

19.   The defendant denies the allegations contained in paragraph 19 of plaintiffs' complaint.

## CAUSES OF ACTION

The defendant repeats and reasserts tis answers to paragraphs 1 through 19 of plaintiffs' complaint.

## FIRST CAUSE OF ACTION

The defendant denies the allegations contained in the plaintiffs' first cause of action of the plaintiffs' complaint.

1403403v1

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## SECOND CAUSE OF ACTION

The defendant denies the allegations contained in the plaintiffs' second cause of action of the plaintiffs' complaint.

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## THIRD CAUSE OF ACTION

The allegations contained in the first cause of action of the plaintiffs' complaint pertain to another defendant and no responsive averments are required. To the extent that said allegations pertain to the defendant, Genesis Genetics Institute, L.L.C., the defendant denies said allegations contained in the third cause of action.

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## FOURTH CAUSE OF ACTION

The allegations contained in the first cause of action of the plaintiffs' complaint pertain to another defendant and no responsive averments are required. To the extent that said allegations pertain to the defendant, Genesis Genetics Institute, L.L.C., the defendant denies said allegations contained in the fourth cause of action.

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## FIFTH CAUSE OF ACTION

The defendant denies the allegations contained in plaintiffs' fifth cause of action of the plaintiffs' complaint.

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## SIXTH CAUSE OF ACTION

The allegations contained in the first cause of action of the plaintiffs' complaint pertain to another defendant and no responsive averments are required. To the extent that said allegations pertain to the defendant, Genesis Genetics Institute, L.L.C., the defendant denies said allegations contained in the sixth cause of action.

3

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## SEVENTH CAUSE OF ACTION

The defendant denies the allegations contained in plaintiffs' seventh cause of action of the plaintiffs' complaint.

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## EIGHTH CAUSE OF ACTION

The allegations contained in the first cause of action of the plaintiffs' complaint pertain to another defendant and no responsive averments are required.  To the extent that said allegations pertain to the defendant, Genesis Genetics Institute, L.L.C., the defendant denies said allegations contained in the eighth cause of action.

WHEREFORE, the defendant requests that the plaintiffs' complaint be dismissed with costs to defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SECOND DEFENSE

By way of affirmative defense, the defendant says that the negligence of the plaintiff was greater than the alleged negligence of any other party and that such negligence of the plaintiff contributed to her alleged injuries and, therefore, the plaintiff is barred from recovery under M.G.L. c.231, §85.

### THIRD DEFENSE

By way of affirmative defense, the defendant says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c.231, §85.

4

## FOURTH DEFENSE

By way of affirmative defense, the defendant says that the action is barred by the applicable statute of limitations.

## FIFTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff cannot recover for the reason that she failed to give notice of the damages allegedly suffered by them to the defendant as required by the statutes of the Commonwealth of Massachusetts.

## SIXTH DEFENSE

Service of process is insufficient.

## SEVENTH DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

The plaintiff's recovery must be reduced by amounts paid on her behalf by any government entity or insurer for medical bills and lost income.

## NINTH DEFENSE

By way of affirmative defense, the defendant says that pursuant to M.G.L. c.231, §60B (Chapter 362 of the Acts of 1975), it is requested that a tribunal be convened within 15 days to afford the plaintiff an opportunity to present an Offer of Proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

## TENTH DEFENSE

By way of affirmative defense, the Defendant says that the amount of recovery for alleged conscious pain and suffering, if any, is limited to $500,000 by the provisions set forth in M.G.L., c. 231, §60H.

## ELEVENTH DEFENSE

The plaintiff's recovery for non-economic damages is limited by M.G.L. c.231, §60H.

### TWELFTH DEFENSE

The plaintiff's recovery for medical expenses is limited pursuant to M.G.L. c.231, §60G.

### THIRTEENTH DEFENSE

The plaintiff's complaint should be dismissed for failure to comply with M.G.L. c.231,

§L.

### FOURTEENTH DEFENSE

Venue is improper.

### FIFTEENTH DEFENSE

By way of affirmative defense, the defendant says the court lacks personal jurisdiction over the defendant.

### SIXTEENTH DEFENSE

The complaint should be dismissed under the doctrine of *forum non conveniens*.

### SEVENTEENTH DEFENSE

The plaintiff is barred from recovery by waiver/estoppel.

### EIGHTEENTH DEFENSE

The plaintiffs' claim is barred by the applicable statute of repose.

### NINETEENTH DEFENSE

This court lacks jurisdiction over the subject matter of this suit.

### **JURY DEMAND**

The defendant demands a trial by jury on all issues so triable under Massachusetts law.

1403403v1

The defendants,
Genesis Genetics Institute, L.L.C. and
Mark R. Hughes, M.D., Ph.D.,
By their Attorneys,

/s/ *William Joseph Flanagan*

_____
William Joseph Flanagan, BBO#556598
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA  02210
(617) 439-7500

Certificate of Service

I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered
participants as identified on the Notice
of Electronic Filing (NEF) and paper
copies will be sent to those indicated as
non registered participants on February
4, 2013.

/s/ *William Joseph Flanagan*

_____
William Joseph Flanagan, BBO No. 556598

1403403v1